IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| DORIS A. CRUSE, as Special Administrator of the ESTATE OF DAVID ALLEN SCHULTZ, Deceased,<br><br>　　　Plaintiff,<br><br>-vs-<br><br>THOMAS VANVLEET, in his official capacity as Sheriff of Newton County; DAVID KESSLER, in his official capacity as Jail Commander of the Newton County Jail; NEWTON COUNTY SHERIFF'S DEPARTMENT; NEWTON COUNTY BOARD OF COMMISSIONERS; DARCY DONNELLY; JEFF HAYLES; and STEVE HELSEL,<br><br>　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  CAUSE NO.:  4:14-cv-52-PPS-JEM<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND

Comes now the Plaintiff, DORIS A. CRUSE, Special Administrator of the ESTATE OF DAVID ALLEN SCHULTZ, deceased, by counsel, Stephen M. Wagner of WAGNER REESE, LLP and for her cause of action against the Defendants, THOMAS VANVLEET, in his official capacity as Sheriff of Newton County (hereinafter "VanVleet"), DAVID KESSLER, in his official capacity as Jail Commander of the Newton County Jail (hereinafter "Kessler"), Jail Officer DARCY DONNELLY (CO-4) (hereinafter "Donnelly"), Jail Officer JEFF HAYLES (CO-8) (hereinafter "Hayles"), and Jail Officer STEVE HELSEL (CO-9) (hereinafter "Helsel") (hereinafter collectively referred to as "Jail Officers"), alleges and states as follows:

### JURISDICTION AND VENUE

1.　　This action for money damages is brought pursuant to 42 U.S.C. § 1983 for violations of the Fourteenth Amendment of the Constitution of the United States of America.

2. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, 1367 and 42 U.S.C. §§ 1983 and 1988. Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide Plaintiff's negligence claims arising under state law.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391.

### PARTIES

4. On November 5, 2013, by Order of the Newton County Circuit Court under Cause Number 56C01-1310-ES-19, the Plaintiff, Doris A. Cruse, was appointed Special Administrator of the Estate of David Allen Schultz, deceased, and in such capacity brings this cause of action against the Defendants.

5. At all relevant times herein, the decedent, David Allen Schultz (hereinafter "David") was a citizen of the United States of America, State of Indiana, County of Newton.

6. Defendant VanVleet is the Sheriff of Newton County, Indiana, and at all relevant times hereto was acting under color of state law. As such, he is the commanding officer of the Defendants, Kessler and the Jail Officers, and is responsible for their training, supervision, and conduct, as more fully set out *infra*. He is sued in his official capacity only.

7. At all relevant times herein, Defendant Kessler was the Jail Commander of the Newton County Jail and was acting under color of state law. As such, he was the commanding officer of the Newton County Jail and in charge of its daily operations and the training, supervision and conduct of the Jail Officers, as more as more fully set out *infra*.

8. At all relevant times herein, Defendant Kessler was responsible for enforcing the rules and regulations of the Newton County Jail and for ensuring that Newton County Jail Officers obeyed the laws of the State of Indiana and the United States of America. He is sued in his official capacity only.

9. At all relevant times herein, Defendant, Newton County Board of Commissioners, was the executive body of Newton County, Indiana, and was charged with managing the day-to-day functions of the county government and its agencies, including the Newton County Sheriff's Department.

10. At all relevant times herein, Defendant, Newton County Sheriff's Department, was a law enforcement agency in Newton County, Indiana, and was charged with, among other duties, overseeing the operation of the Newton County Jail.

11. At all relevant times herein, the Defendant Jail Officers Donnelly, Hayles, and Helsel were law enforcement officers for the Newton County Sheriff's Department and/or the Newton County Jail, acting under the color of state law and within the scope of their authority and employment. They are sued in their individual and official capacities.

## CLAIMS FOR RELIEF

12. On July 17, 2012, David was arrested in Porter County on a warrant for failing to report to Newton County to serve a weekend sentence for driving with a suspended license.

13. David was subsequently transported to and detained at the Newton County Jail located at 304 East Seymour Street, Kentland, Indiana 47951 (hereinafter "the Jail").

14. On July 18, 2012, David's girlfriend visited him at the jail. During this visit, David's girlfriend informed him that she was ending their relationship and intended to date one of David's best friends.

15. After both the in person visit and a subsequent recorded telephone conversation with his girlfriend, a conversation which was very heated and consisted of yelling, screaming and cussing, David became visibly upset.

16. After the in person visit and subsequent telephone conversation with his girlfriend, David displayed symptoms of wanting to harm himself including hitting the jail cell walls and banging his head against the pod door.

17. Jail Officers observed David hitting the jail cell walls, banging his head against the pod door, and crying after receiving the news that his girlfriend was ending their relationship.

18. After receiving the news that his girlfriend was ending their relationship, David told Jail Officers that he was distraught over his girlfriend leaving him.

19. After receiving the news that his girlfriend was ending their relationship, David told Jail Officers that he wanted to harm himself.

20. After receiving the news that his girlfriend was ending their relationship, David asked the Jail Officers to move him to a padded cell for a period of medical isolation.

21. As a result of his conversation with the Jail Officers, David was moved to a padded cell on July 18, 2012.

22. After only a brief period of time, David was returned to C pod in the general jail population.

23. Jail Officers failed to place David on a suicide watch even though it was obvious David was at risk to harm himself.

24. Jail Officers failed to place David on a suicide watch even though jail policy required it under the circumstances.

25. On July 19, 2012, David made a telephone call to his mother, Doris Cruse, which telephone conversation was recorded by Jail Officers. During the conversation, he was crying and extremely upset. He told his mother that his girlfriend had broken up and "if I can't be with

her why the fuck am I alive for?" He also told his mother that "I'm doing it tonight, and so you better fucking text her and tell her thanks."

26. Sometime after "chow time" on July 19, 2012, David put a blanket over his cell door to allow him to make preparations to hang himself.

27. Jail Officers failed to investigate even though it is against jail policy for a detainee to block the cell door with a blanket.

28. Thereafter at approximately 6:44 p.m., an inmate was walking to the shower when he looked into David's cell and saw David hanging from bed sheet tied to the upper bunk and then around his neck. The inmate yelled for other inmates to notify Jail Officers.

29. At the same time, Hayles and Donnelly were in the GED Room with other inmates when they heard banging coming from C pod. Hayles went to investigate and was advised by an inmate that David had hung himself.

30. Hayles went into David' cell and found David unresponsive and his face and hands dark blue in color.

31. Hayles and an inmate untied David and place him on the floor of his cell.

32. Hayles then radioed Donnelly to bring an AED and Helsel to call for medical assistance.

33. David had been hanging from a bed sheet tied around his neck for an extended period of time before Jail Officers responded.

34. David was subsequently transported to Iroquois Memorial Hospital in Watseka, Illinois, and then airlifted to St. Francis Hospital in Peoria, Illinois, where he later died on July 20, 2012.

35. During David's detainment at the Jail from July 17, 2012 to July 20, 2012, the Jail was severely understaffed which placed all of the inmates and detainees, including David, at risk.

36. During David's detainment at the Jail, the Defendant Jail Officers Donnelly, Hayles, and S. Helsel observed David displaying obvious signs that he was depressed and at risk for harming himself.

37. Despite the fact that David displayed obvious signs that he was depressed and at risk for harming himself, the Defendant Jail Officers Donnelly, Hayles, and Helsel failed to place David on suicide watch.

38. Despite the fact that David displayed obvious signs that he was depressed and at risk for harming himself, the Defendant Jail Officers Donnelly, Hayles, and Helsel failed to summon any medical or psychological professionals to evaluate and treat David.

39. Through their actions and inactions, the Defendant Jail Officers were deliberately indifferent to David's serious medical needs during his detention, including but not limited to his depressed state and his obvious need to be monitored so that he did not harm himself.

40. The failure of the Defendants to properly screen David, monitor his condition, and provide emergency medical treatment in a timely manner demonstrates a total lack of regard for his right to be free from unnecessary and unlawful bodily harm and his right to reasonable medical care for his health, well-being and personal safety. The Defendants' conduct wholly lacks the due care and diligence which prudent and reasonable jail officers would have displayed.

41. The acts and omissions carried out by the Defendants as described above were done willfully, wantonly, and maliciously, and with such reckless disregard of the consequences

as to reveal a conscious and deliberate indifference to David's serious medical and psychological conditions, all of which resulted in his untimely death.

42. The Defendants herein are also responsible for David's death as the result of their intentional, willful, wanton, reckless and negligent acts and omissions, including but not limited to the failure to adequately staff the Jail with sufficient jail officers to ensure the health and safety of inmates and detainees; failure to properly screen David when he arrived at the Jail; failure to provide medical and psychological care and/or treatment to David; failure to monitor, protect and provide for David's safety while he was detained; failure to timely contact emergency services to transport David to the hospital; and the failure to train and supervise their officers and staff.

43. As a direct and proximate result of the aforementioned conduct of the Defendants, David was deprived of the rights, privileges and immunities secured to him under the Constitution and laws of the United States of America, including his rights under the Fourteenth Amendment to the United States Constitution.

44. At all relevant times herein, Defendants VanVleet and Kessler were deliberately indifferent to the obvious need for adequate staffing at the Jail.

45. At all relevant times herein, Defendants VanVleet and Kessler were deliberately indifferent to the need for adequate training of their jail officers, including Donnelly, Hayles and Helsel, regarding proper detainment procedures for monitoring potentially suicidal detainees, including David.

46. Defendants, VanVleet and Kessler, had a duty and obligation to train and supervise their jail officres, including Donnelly, Hayles and Helsel, regarding how to monitor and provide a safe environment for potentially suicidal detainees such as David.

47. Defendants, VanVleet and Kessler, breached the foregoing duties and failed to train and supervise the jail officers, including Donnelly, Hayles, and Helsel.

48. In accordance with Indiana statute, Defendants were timely served with a Notice of Tort Claim on December 13, 2012 by certified mail.

49. Pursuant to Indiana statute, the Plaintiff's claim has been constructively denied as Defendants have had more than ninety (90) days to investigate the claim but have failed to respond.

50. Defendants, VanVleet and Kessler, negligently hired, supervised, and retained Donnelly, Hayles and Helsel when they knew, or should have known, that said deputies were not properly trained and otherwise unfit for service.

51. As a direct and proximate result of the wrongful acts and omissions of Defendants as described above, David was deprived of the rights, privileges and immunities secured to him under the Constitution and laws of the United States of America, including his rights under the Fourteenth Amendment to the United States Constitution.

52. As a direct and proximate result of the wrongful acts and omissions of Defendants as described above, Plaintiff suffered great losses and seeks to recover for the wrongful death of David Allen Schultz, including recovery of medical, funeral, and burial expenses, expenses incurred in the administration of the decedent's estate, reasonable attorney fees and costs pursuing this action, and all other damages allowed by state and federal law.

**WHEREFORE,** Plaintiff, DORIS A. CRUSE, as Special Administrator of the Estate of David Allen Schultz, deceased, requests the following relief:

a. An award of compensatory damages based on Plaintiff's 42 U.S.C. § 1983 claim for the violation of David Allen Schultz's constitutional rights;

      b.     An award of punitive damages based on Plaintiff's 42 U.S.C. § 1983 claim to punish Defendants for their callous or reckless indifference to Plaintiff's constitutional rights;

      c.     An award of compensatory damages for the wrongful death of David Allen Schultz, including but not limited to all damages allowed by the federal law and by the Indiana Wrongful Death Act, Indiana Code Section 34-23-1-2;

      d.     An award of attorney fees and costs pursuant to 42 U.S.C. § 1988 and pursuant to prevailing Indiana state law;

      e.     Trial by jury; and

      f.     All other relief just and proper in the premises.

      Respectfully submitted,

      WAGNER REESE, LLP

      */s/ Stephen M. Wagner*
      Stephen M. Wagner, Atty. No. 18248-49
      *Attorney for Plaintiff*

## JURY DEMAND

Comes now the Plaintiff, by counsel, and hereby demands trial by jury against the Defendants on all issues set forth in this cause of action.

Respectfully submitted,

WAGNER REESE, LLP


*/s/ Stephen M. Wagner*
Stephen M. Wagner, Atty. No. 18248-49

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that a true and exact copy of the above and foregoing was electronically filed on the 16th day of July, 2014. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

| | |
|---|---|
| William G. Murphey, Esq.<br>KOPKA PINKUS DOLIN, PC<br>bgmurphey@kopkalaw.com | Brooke L. Riffell, Esq.<br>KOPKA PINKUS DOLIN, PC<br>blriffell@kopkalaw.com |

               /s/ *Stephen M. Wagner*
               Stephen M. Wagner

WAGNER REESE, LLP
11939 North Meridian Street
Carmel, IN  46032
Tel:  (317) 569-0000
Fax:  (317) 569-8088
Email:  swagner@injuryattorneys.com